AO 245B    (Rev. 06/05) Judgment in a Criminal Case
      Sheet 1

# UNITED STATES DISTRICT COURT
## Southern District of Mississippi

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

**JUL 14 2015**

ARTHUR JOHNSTON

BY _____ DEPUTY

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | |
| **LUIS DANIEL PEREZ-PLAZA** | Case Number:    1:15cr25LG-JCG-001 |

USM Number:    18164-043

Ellen Maier Allred
_____
Defendant's Attorney:

**THE DEFENDANT**:

☑ pleaded guilty to count(s)    1 of the bill of information

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1952(a)(3) | Interstate Travel in Aid of an Unlawful Activity | 12/03/14 | 1 |

The defendant is sentenced as provided in pages 2 through ___6___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s)   Original Indictment   ☑ is   ☐ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

July 01, 2015
_____
Date of Imposition of Judgment

_____
Signature of Judge

The Honorable Louis Guirola, Jr.          Chief U.S. District Court Judge
_____
Name and Title of Judge

7/14/2015
_____
Date

AO 245B    (Rev. 06/05) Judgment in Criminal Case
           Sheet 2 — Imprisonment

Judgment — Page    2    of    6

DEFENDANT:  LUIS DANIEL PEREZ-PLAZA
CASE NUMBER:   1:15cr25LG-JCG-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

Sixty (60) months as to Count 1 of the bill of information

☑ The court makes the following recommendations to the Bureau of Prisons:

The Court recommends that the defendant be housed in a facility as near to his home as possible for visitation purposes and that the defendant be allowed to participate in the Bureau of Prisons' 500-hour drug treatment program, if he is eligible.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐   at                          ☐  a.m.   ☐  p.m.    on

   ☐   as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐   by                          ☐  a.m.   ☐  p.m    on                                     .

   ☐   as notified by the United States Marshal.

   ☐   within 72 hours of notification of the designation but
   no later than 60 days from the date of sentencing.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 3 — Supervised Release

| Judgment—Page | 3 | of | 6 |
|---|---|---|---|

DEFENDANT:  LUIS DANIEL PEREZ-PLAZA
CASE NUMBER:  1:15cr25LG-JCG-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

Thirty-six (36) months as to Count 1 of the bill of information

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release  from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑  The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐  The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.  (Check, if applicable.)

☐  The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)  the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)  the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)  the defendant shall support his or her dependents and meet other family responsibilities;

5)  the defendant shall work regularly at a lawful occupation,   unless excused by the probation officer for schooling, train ing, or other acceptable reasons;

6)  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)  the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreem ent to act as an  informer or a special agent of  a law enforcem ent agency without the permission of the court; and

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal hist ory or characteristics and shall perm it the probation officer to m ake such notifications and to confirm  the defendant's compliance with such notification requirement.

AO 245B     (Rev. 06/05) Judgment in a Criminal Case
            Sheet 3C — Supervised Release

Judgment—Page   4   of   6

DEFENDANT:  LUIS DANIEL PEREZ-PLAZA
CASE NUMBER:  1:15cr25LG-JCG-001

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall provide the probation officer with access to any requested financial information.

2. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation office, unless the defendant is in compliance with the installment payment schedule.

3. The defendant shall not possess, ingest or otherwise use a synthetic narcotic, unless prescribed by a licensed medical practitioner for a legitimate medical purpose and approved by the U.S. Probation Office.

4. In the event the defendant resides in a jurisdiction where marijuana has been approved/legalized, the defendant shall not possess, ingest, or otherwise use marijuana unless prescribed by a licensed medical practitioner for a legitimate medical purpose.

5. The defendant shall participate in a program of testing and/or treatment for alcohol or drug abuse, as directed by the probation office. If enrolled in an alcohol or drug treatment program, the defendant shall abstain from consuming alcoholic beverages during treatment and shall continue abstaining for the remaining period of supervision. The defendant shall contribute to the cost of treatment in accordance with the probation office Copayment Policy.

6. The defendant shall submit his person, residence, office or vehicle to a search, conducted by the United States Probation Office, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of supervised release. The defendant shall warn any other residents that the premises where he is residing may be subject to searches pursuant to this condition. Failure to submit to a search may be grounds for revocation.

7. At the completion of the defendant's term of imprisonment, the defendant shall be surrendered to the custody of Immigration and Customs Enforcement for removal proceedings consistent with the Immigration and Nationality Act. If removed, the defendant shall not re-enter the United States without the written permission of the Secretary of Homeland Security. The term of supervised release shall be non-reporting while the defendant is residing outside of the United States. If the defendant re-enters the United States within the term of supervised release, he is to report to the nearest U.S. Probation Office within 72 hours of his arrival. The Court notes that this special condition must be imposed based on the defendant's use of aliases throughout his lifetime which has made it difficult to ascertain his immigration status.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page __5__ of __6__

DEFENDANT:  LUIS DANIEL PEREZ-PLAZA
CASE NUMBER:  1:15cr25LG-JCG-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $100.00 | $5,000.00 | |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |
| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☑ the interest requirement is waived for the   ☑ fine   ☐ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 6 — Schedule of Payments

Judgment — Page   6    of    6

DEFENDANT:  LUIS DANIEL PEREZ-PLAZA
CASE NUMBER:  1:15cr25LG-JCG-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**   ☑   Lump sum payment of $   5,100.00     due immediately, balance due

        ☐   not later than  _____ , or
        ☐   in accordance    ☐ C,    ☐ D,    ☐ E, or    ☐ F below; or

**B**   ☑   Payment to begin immediately (may be combined with    ☐ C,    ☑ D, or    ☑ F below); or

**C**   ☐   Payment in equal  _____ (e.g., weekly, monthly, quarterly) installments of $  _____ over a period of
         _____ (e.g., months or years), to commence  _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**   ☑   Payment in equal   monthly   (e.g., weekly, monthly, quarterly) installments of $   100.00   over a period of
        51 month(s)   (e.g., months or years), to commence   30 day(s)   (e.g., 30 or 60 days) after release from imprisonment to a
        term of supervision; or

**E**   ☐   Payment during the term of supervised release will commence within  _____ (e.g., 30 or 60 days) after release from
        imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**   ☑   Special instructions regarding the payment of criminal monetary penalties:

The payment of the fine shall begin while the defendant is incarcerated. In the event that the fine is not paid in full prior to the termination of supervised release, the defendant is ordered to enter into an agreement with the U.S. Attorney's Financial Litigation Unit for payment of the remaining balance. The value of any future discovered assets may be applied to offset the balance of criminal monetary penalties. The defendant may be included in the Treasury Offset Program allowing federal benefits to be applied to offset the balance of criminal monetary penalties.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the U.S. District Clerk of Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

Case Numbers (including defendant number) and Defendant and Co-Defendant Names, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.